### 17783.  RAINES v. THE STATE.

LUKE, J.  The defendant's conviction was dependent upon circumstantial evidence which, in our opinion, did not meet the requirements of the law. For this reason it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 11, 1927.

Possessing liquor; from city court of Macon—Judge Hall.  November 6, 1926.

In a room in the basement of an apartment house of which the defendant was janitor three quarts of whisky, several bottles, jugs, and a funnel were found by an officer, the State's only witness. He testified: "I prized the door open and got in."  "I saw some

Intoxicating Liquors, 33 C. J. p. 757, n. 71; p. 761, n. 53.

clothes, a trunk, and a bed in there." "The room had a lock to it, and after I arrested the defendant I found a key on his person that unlocked the door to this room. The defendant told me that the room where I found this whisky was the stock-room, and that he used it to change his clothes in, and that he occupied the room. When I went in I saw somebody run out of the basement, but I could not tell who it was. I found the defendant in the garage, under an automobile. . . The door that led into the basement was unlocked. The door to the room where I found the whisky was locked. . . There are three ways that you can get into the basement. There is an entrance from the side and one from the back stairway that leads from the apartments on the first floor. Any one in the apartment can get into the basement where the room in which the whisky was found is located. . . I did not see the defendant have any whisky. . . I guess any one living in the apartment could put it there if they could get in the room." The owner of the building testified that about a hundred persons occupied the apartments and that all of them could go into the basement and get into the room where the whisky was, without a key, and that any one in the building could put whisky there without the defendant's knowledge of it; that the door of that room stays open nearly all the time, and may be opened by pushing the lock back with a finger or a knife; that bottles are taken to the basement every day with the trash, and funnels were used to catch drain water from refrigerators in the building, and jugs had been there for several months; that a number of chauffeurs who drive for occupants of the building loafed around the room where the whisky was found; that the defendant changed his clothes there, but did not stay or sleep there, and did not drink, and that the key taken from him by the officer did not fit the lock of that room, but fit the door into the basement. Another witness residing in the building testified to the same effect as to the accessibility of the room in question, and that he himself kept whisky upstairs. The defendant, in his statement at the trial, said that he did not know anything about the whisky found by the officer, that he had not been in the room on the day on which it was found, and did not live in that building, and that the lock of the door of the room mentioned had been broken and could be opened by a finger or a knife, and was open most of the time.

*W. A. McClellan, T. A. Jacobs Jr.,* for plaintiff in error.
*Roy W. Moore, solicitor,* contra.